UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FROIDO FAYETTE and ) <br> DAPHNE LARIVAUX, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA, N.A., et al., ) <br> ) <br> Defendant ) <br> ) | Civil Action No. <br> 12-11172-FDS |

MEMORANDUM AND ORDER
ON MOTION TO DISMISS AND MOTION TO AMEND

**SAYLOR, J.**

This action arises from a home mortgage foreclosure.  Plaintiffs Froido Fayette and Daphne Larivaux have brought suit against Defendants MortgageIT, Inc.; Bank of America, N.A.; and OneWest Bank, F.S.B., for alleged violations of law stemming from proceedings to foreclose on their home.  Plaintiffs essentially seek to forestall an eviction proceeding brought against them by Bank of America, and to void the underlying foreclosure and sale.

Defendant MortgageIT has moved to dismiss all claims against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff Larivaux opposes the motion, and has cross-moved to amend the complaint.[1]  For the reasons set forth below, defendant's motion to dismiss will be granted, and plaintiff's motion to amend the complaint will be granted in part and denied in part.

---

[1] Plaintiff Fayette has not joined the motion.

I. **Background**

    A. **Factual Background**[2]

On June 13, 2005, Plaintiffs Daphne Larivaux and Froido Fayette purchased a home at 7 Fremont Street, Malden, Massachusetts. (Pl. Br. at 2).[3] On September 22, 2006, the Fayettes refinanced their mortgage through MortgageIT, Inc. (Compl. ¶ 7). The mortgage documents named Mortgage Electronic Registration Services, Inc. ("MERS") as the mortgagee, as nominee for MortgageIT and its successors and assigns. (Compl. ¶ 7).

As part of the refinancing process, the Fayettes signed a note ("the Fayette Note") in the amount of $414,000. (Def. Mem. in Supp. Mot. to Dismiss, Ex. 1).[4] That document identified the "Lender" as MortgageIT, Inc. and contains the following clause:

> I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

*Id.* The Fayettes also signed a mortgage, which contains the following clause:

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower.

(Def. Mem., Ex. 2).

---

[2] Defendant's motion to dismiss was initially based on the facts as alleged in plaintiffs' first amended complaint. Plaintiff Larivaux has now moved to amend the complaint, and has filed a proposed second amended complaint. MortgageIT contends that the proposed amendment does not cure the deficiencies in the earlier complaint. For purposes of ruling on both the motion to dismiss, the Court will accept all facts as pleaded in the proposed second amended complaint.

[3] At the time they purchased the home, Ms. Larivaux and Mr. Fayette were married. They have since divorced. For the sake of brevity, and because it is unclear from the pleadings at what point the divorce took place, the Court will refer to plaintiffs as "the Fayettes."

[4] Although plaintiffs do not attach a copy of this document to the complaint, the Court may consider it in connection with this motion because it was referred to in the complaint. *See Rederford v. US Airways, Inc.*, 589 F.3d 30, 35 (1st Cir. 2009).

Shortly thereafter, MortgageIT bundled the Fayette Note with notes from other borrowers and entered a pooling and securitization agreement. (Compl. ¶ 19). This process required MortgageIT to assign the Fayette Note to another entity. (Compl. ¶ 20). MortgageIT never informed the Fayettes that the loan had been sold, conveyed, or assigned to another entity. (Compl. ¶ 21).

In 2008, the Fayettes fell behind in their mortgage payments. (Compl. ¶ 8). After falling behind, they made a payment of $6,000 in an attempt to make the loan current. (*Id.*). According to the complaint, instead of making the loan current, the "bank" changed their monthly payment to $4,000 a month, an amount that the Fayettes could not afford. (Compl. ¶ 9). The bank that allegedly did so is not identified in the complaint.

As a result, the mortgage went into default. (*Id.*). A notice of default was sent to the Fayettes by IndyMac Bank. (Compl. ¶ 10). On January 12, 2010, OneWest brought an action in state court under the Soldiers and Sailors Act against the Fayettes. (*Id.*). According to the complaint, at the time, OneWest did not hold the mortgage note. (*Id.*). OneWest did not offer the Fayettes an opportunity to apply for a HAMP modification. (*Id.*).[5]

On November 23, 2011, OneWest conducted a foreclosure action. (Compl. ¶ 12). On March 11, 2010, Bank of America c/o OneWest purchased the property at auction for $250,000. (Compl. ¶ 12). Bank of America has since brought an action in state court to evict the Fayettes

---

[5] In February 2009, the Secretary of the Treasury established the Home Affordable Modification Program ("HAMP"), a federal initiative designed to provide incentives for lenders to agree to modification of home loan agreements in lieu of foreclosure. The goal of HAMP is to provide relief to borrowers who have defaulted or are likely to default by reducing mortgage payments to sustainable levels, without discharging any of the underlying debt. *See* U.S. Dep't of the Treasury, Supplemental Directive 09-01, *available at* https://www.hmpadmin.com/portal/ programs/docs/hamp_servicer/sd0901.pdf. Under HAMP, loan servicers are provided with incentive payments for each permanent mortgage-loan modification completed. *Id.* at 23. These modifications proceed under a uniform process designed to identify eligible borrowers and render their debt obligations more affordable and sustainable. *Id.* at 1.

from the home.

### B. Procedural Background

On May 26, 2010, the Fayettes filed suit against Bank of America in Middlesex Superior Court. The suit was dismissed without prejudice for failure to serve process. On September 9, 2011, the Fayettes filed an amended complaint. That complaint added claims against MortgageIT and OneWest. The amended complaint asserted four causes of action against all three defendants: (1) declaratory relief, (2) "consumer fraud and deceit," (3) "violations of underwriting standards," and (4) unfair and deceptive conduct in violation of Mass. Gen. Laws ch. 93A. (Compl. ¶ 17-51).

The Fayettes served process on MortgageIT on June 4, 2012.[6] On June 29, 2012, MortgageIT removed this action to federal court.

## II. Standard of Review

### A. Motion to Amend

Under Fed. R. Civ. P. 15, a party may amend its pleading once as a matter of course within 21 days after serving it, or within 21 days after service of a responsive pleading or motion

---

[6] MortgageIT contends that the Fayettes failed to serve sufficient process on it, because the summons served on its registered agent was directed to OneWestBank. (Def. Mem. at 11). For purposes of this motion to dismiss, the Court will assume such service was proper.

under Fed. R. Civ. P. 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1).[7] In all other cases, a party may amend a pleading only with consent of the opposing party or leave of the court. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "The leave sought should be granted unless the amendment would be futile or reward undue delay." *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009). If the proposed amendment would not survive a motion to dismiss, the amendment would be futile. *See, e.g., Kemper Ins. Co. v. Federal Express Corp.*, 115 F. Supp. 2d 116 (D. Mass. 2000).

### B. Motion to Dismiss

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).

---

[7] Rule 15(a)(1) provides:

(1)   Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

    (A)   21 days after serving it, or

    (B)   if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**III.     Analysis**

     **A.     Count I: Unlawful Foreclosure and Declaratory Relief**

Count I of the proposed second amended complaint seeks a declaratory judgment that OneWest conducted an invalid foreclosure sale, and that the invalid foreclosure sale renders Bank of America's title to the home invalid. (Compl. ¶¶ 17-28). Plaintiff makes the following contentions as to MortgageIT's conduct:

- Shortly after plaintiffs refinanced their mortgage with MortgageIT in 2006, MortgageIT bundled plaintiffs' note with others through a pooling and securitization agreement. (Compl. ¶¶ 18-19).

- That process had the effect of assigning plaintiffs' note to another entity. (Compl. ¶ 20).

- MortgageIT never informed plaintiffs that the loan had been sold, conveyed, or assigned to another entity. (Compl. ¶ 21).

Plaintiff makes no further allegations about MortgageIT's role in the foreclosure.

Count I of the proposed second amended complaint does not state a claim against MortgageIT as to which relief can be granted. The complaint does not allege any causal connection between MortgageIT's conduct and the foreclosure proceedings instituted by OneWest nearly three years after MortgageIT assigned away all interest in the Fayette Note. Even if MortgageIT had a duty to inform plaintiffs of the assignment—which it did not—plaintiff neither alleges any harm that resulted from the 2006 assignment, nor any involvement by MortgageIT in the foreclosure proceedings at issue in this case. No reasonable inference can be drawn from the facts alleged to suggest that MortgageIT was involved in any way in the challenged foreclosure. Accordingly, Count I of the proposed second amended complaint does not state a claim as to MortgageIT.

**B.     Count II: "Consumer Fraud and Deceit"**

Count II of the proposed second amended complaint asserts a claim for "consumer fraud and deceit." In relevant part, Count II alleges that MortgageIT deceived plaintiffs by bundling and assigning their loan without providing notice of the assignment. (Compl. ¶¶ 29-38).

To state a claim for fraud or deceit, a plaintiff must allege that (1) defendant made a false representation of a material fact, (2) defendant knew that the alleged representation was false, (3) defendant purposefully induced plaintiff to rely on that representation, (4) plaintiff relied on that representation as being true, and (5) plaintiff was damaged by acting on that representation. *See Stolzoff v. Waste Sys. Int'l Inc.*, 58 Mass. App. Ct. 747, 759 (2003); *see also Barrett Assocs, Inc. v. Aronson*, 346 Mass. 150, 152 (1963). Here, the complaint fails to allege the requisite elements.

The complaint does not set forth any allegations that MortgageIT made any false representations to plaintiff. Taken as true, the complaint simply suggests (1) that MortgageIT improperly transferred the Fayette Note to MERS, and (2) that MortgageIT did not inform plaintiffs that the loan had been sold. Neither allegation supports a claim of fraud. MortgageIT's conduct in transferring the Fayette Note to MERS cannot amount to a representation to plaintiffs, who were unaware of the transfer at the time. Nor have plaintiffs alleged with particularity any facts demonstrating an affirmative act by MortgageIT that was performed with an intent to deceive plaintiffs and conceal the transfer of the Fayette Note. Plaintiff nowhere suggests that MortgageIT's failure to inform them of the transfer constitutes an affirmative act of misrepresentation. Plaintiff makes reference to "MortgageIT's misrepresentation concerning her (in)ability to repay her loans," but does not anywhere provide

details of what constituted this alleged misrepresentation. (Compl. ¶ 37).

The proposed complaint also fails to allege that plaintiffs were damaged by acting on defendant's misrepresentation. As discussed above, the complaint does not allege any causal connection between defendant's sale of the Fayette Note and the challenged foreclosure. While plaintiff's brief suggests that MortgageIT "colluded in the foreclosure and post-sale activities," (Pl. Br. at 5), no reasonable inference of collusion can be drawn from the facts set forth in the proposed complaint. The complaint does not allege harm resulting from any defendants' conduct prior to 2008, when "the bank [not MortgageIT] changed her monthly payment to $4,000 a month, an amount Ms. Larivaux could not afford." (Compl. ¶ 9). Plaintiff does not even suggest that the harm resulting from the changed monthly payment amount, let alone the harm resulting from the foreclosure, was a result of MortgageIT's alleged misrepresentation.

Accordingly, Count II of the proposed second amended complaint does not state a claim against MortgageIT on which relief can be granted.

### C.  Count III: "Bad Faith and Violations of Underwriting Standards"

Count III asserts a claim for "Bad Faith and Violations of Underwriting Standards." (Compl. ¶¶ 39-43). In relevant part, the second amended complaint alleges that MortgageIT "failed to observe underwriting standards that would reflect a reasonable likelihood that the Plaintiffs would be able to repay their loan." (Compl. ¶ 40). Plaintiffs request an injunction requiring defendants to restore her legal title to the property.

The complaint does not set forth the underwriting standards that MortgageIT failed to observe, nor does it set forth any facts concerning MortgageIT's alleged violations of these standards. While plaintiffs allege that the "bank" changed the monthly payment to an amount

the bank knew they could not afford, (Compl. ¶ 41), the complaint does not in any way allege involvement by MortgageIT in that decision. There are no factual allegations in support of this claim that raise plaintiffs' right to relief beyond mere speculation. Accordingly, Count III of the proposed second amended complaint does not state a claim against MortgageIT upon which relief can be granted.

### D. Count IV: Unfair and Deceptive Business Practices - Chapter 93A

Count IV of the proposed second amended complaint asserts a claim for unfair and deceptive business practices under Mass. Gen. Laws ch. 93A. The complaint alleges a number of violations, all of which stem from the foreclosure process. It does not allege any violations particular to MortgageIT.

As noted, the complaint fails to plead a single fact that would give rise to a reasonable inference that MortgageIT was involved in the foreclosure process. Plaintiff's brief suggests that "the circumstance of the foreclosure and the assignment of bid clearly demonstrate that Mortgage IT was an underlying party to the foreclosure . . . ." (Pl. Br. at 7). MortgageIT's involvement in the foreclosure is not at all clear to this Court, and certainly it is not adequately pleaded. The complaint does not plead any facts that suggest MortgageIT has had any interest in the Fayette Note since assigning the note to another entity "shortly after obtaining [it]." (Compl. ¶¶19-20). Indeed, the complaint itself suggests that this transfer took place in 2006. The facts as pleaded do not support a reasonable inference that MortgageIT was involved in the foreclosure proceedings; MortgageIT therefore could not have engaged in any unfair and deceptive business practices stemming from those proceedings. Count IV of the proposed second amended complaint accordingly does not state any claim against MortgageIT upon which relief can be

granted.

### III. Conclusion

The complaint in its present form fails to state a claim against MortgageIT upon which relief can be granted. Those deficiencies would not be cured by the second amended complaint. Permitting the proposed amendment as to MortgageIT, Inc., would therefore be futile, and the claims against MortgageIT, Inc., should be dismissed under Fed. R. Civ. P. 12(b)(6).

Accordingly, and for the foregoing reasons, defendant's motion to dismiss is GRANTED, and plaintiff's motion to amend the complaint is DENIED as to the proposed amended claims against MortgageIT. Plaintiff's motion to amend is GRANTED as to the remaining parties.
**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: November 2, 2012